No. 667

KLONOWSKI v. ADAMOWICZ

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5094.    May 26, 1924

599. GUARANTY—Verbal promise of clear title to land sold is insufficient.

John Adamowicz brought action in the Cleveland Municipal Court against Stanley Klonowski, upon a verbal promise of guarantyship. He set forth in his statement of claim that K. acted as an agent to sell property owned by some other person, and A. bought it, and got a warranty deed, which sets forth that it is clear and free of all incumbrance except taxes and special assessments. There were two writings made by K., one of which he gave to A. Afterwards it was found that there was a sidewalk assessment on the property. A. then brought this action to recover the unpaid tax. It was found, in court, that the writing given by K. to A. sustained the deed, but the one K. retained so read as to exclude the assessment.

But the Court of Appeals declined to decide which of the two contracts was right, as it appeared in the case that A. did not predicate his right to recover upon either of the two written instruments, but upon a verbal promise of guarantyship, and he sets up in his statement of claim that K. was the agent and received a commission for the sale of the property as such agent. Under the statement A. was not entitled to recover, and the judgment rendered in his favor, being upon a verbal promise of guarantyship, was contrary to law. Same will be reversed and a judgment rendered for K.

Attorneys—Stearns, Chamberlain & Rogers, for Klonowski; Chas. A. Lefkovitz, for Adamowicz.

---

No. 668

KLINEBELL et al v. HILTON

Ohio Appeals, Franklin County

No. 98856

748. MARRIAGE—1. Marriage of female under sixteen but over twelve years held voidable only.

2. Violation of statute limiting age of marriage does not render marriage of infant void.

413. DIVORCE AND ALIMONY—Parents of girl under sixteen cannot annul marriage unless she consent thereto.

ROGERS, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was a suit to annul a marriage. Klinebell and wife were the father and mother of Katherine Klinebell, alleged to be less than 15 years of age. The infant and the defendant took the necessary steps except obtaining the consent of the parents of the infant, to consummate a marriage in this state. The girl was not made a party to the suit nor was it alleged that she consented to the same. The case came on for hearing on a motion for temporary injunction to enjoin the defendant from consortium with the infant. An affidavit of the infant was filed which showed that the suit was brought against her will and consent and that she had married defendant and lived with him for eight days after said marriage. In overruling the motion, the court held:

1. The marriage of an infant over the common law age of consent, to wit, 12 years, but under the statutory age of 16 years for entering into the marriage relation is voidable, up to arriving at the statutory age or afterwards if the parties have not cohabited after reaching such age.

2. Although the statutory requirement that no female persons of the age of 16 years may be joined in marriage, and under 21 must obtain the consent of the parents, is violated, this violation does not affect the validity of the marriage, unless the female is under 16, when it is merely voidable.

3. Where the marriage contract is voidable by the infant because she is not 16 years of age, the parents of said infant have no right without the consent of the married infant, and against her will, to prevent the consortium between two married persons or to avoid the marriage contract.

Attorneys—J. M. Howard and Eberly & Eberly, for Klinebell; Johnson, Shark, Schooler & Toland, for Hilton; all of Columbus.